
USCA1 Opinion

	




         [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
                                  
                   UNITED STATES COURT OF APPEALS
                         FOR THE FIRST CIRCUIT
                        ____________________
                                  
No. 97-2301

                            UNITED STATES,

                               Appellee,

                                  v.

    LEO RODERICK, A/K/A RICHARD LELAND RODERICK, A/K/A LEO JOVANE,

                         Defendant, Appellant.

                         ____________________


             APPEAL FROM THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF MASSACHUSETTS

               [Hon. Mark L. Wolf, U.S. District Judge]

                         ____________________

                                Before

                        Torruella, Chief Judge,
                     Coffin, Senior Circuit Judge,
                       and Stahl, Circuit Judge.

                         ____________________

    Douglas J. Beaton on brief for appellant.
    Donald K. Stern, United States Attorney, Donald L. Cabell, Assistant
United States Attorney, and Karin L. Raye, Northeastern University
School of Law, on brief for appellee.


                         ____________________

                             May 19, 1998
                          ___________________            Per Curiam.  Leo Roderick appeals from the district
    court order revoking his supervised release and imposing a
    sentence of eighteen months' imprisonment to be followed by six
    months of supervised release.  He challenges both the district
    court's decision to revoke supervised release and, in a
    supplemental pro se brief, the sentence imposed.  In addition,
    he contends that the district court erred in acquiescing in his
    request to represent himself.
        In the brief prepared by court-appointed counsel,
    Roderick raises a single issue:  that the government failed to
    prove by a preponderance of the evidence that Roderick violated
    one of the alleged conditions of his supervised release. 
    Specifically, Roderick argues that the district court erred in
    admitting three letters introduced into evidence by the
    government.  Without that evidence, he contends, there was
    insufficient proof that Roderick had violated federal law while
    on supervised release by making a false statement on his
    passport application.
        At a supervised release revocation hearing, "the
    evidence need not satisfy the tests of admissibility set forth
    in the Federal Rules of Evidence, which do not apply, . . . but
    [,] evidence that does not satisfy those rules must nonetheless
    be reliable."  United States v. Portalla, 985 F.2d 621, 622
    (1st Cir. 1993).  The district court found that the letters
    satisfied the Federal Rules of Evidence.  Even absent that
    finding, however, the letters' reliability is established by
    the record.  The district court was careful not to rule on the
    admissibility of the letters until there was a basis for
    finding that the letters were written and signed by Roderick. 
    Roderick's argument, made for the first time on appeal, that
    the letters could not be considered because they were admitted
    after the government finished presenting its evidence has no
    basis in the law.  Moreover, even without the letters, there is
    sufficient evidence in the record to "demonstrate that the
    district court did not abuse its discretion in concluding that
    the evidence 'reasonably satisfied' it that the probationer had
    in fact violated" a federal law.  United States v. Czajak, 909
    F.2d 20, 22 (1st Cir. 1990).
        Nor do any of the issues raised in Roderick's pro se
    brief entitle him to relief.  The district court properly
    applied the sentencing guidelines in calculating Roderick's
    criminal history category at his original sentencing.  That
    same criminal history category applies at sentencing following
    revocation.  See United States Sentencing Guidelines,  7B1.4. 
    The supervised release term of six months imposed by the
    district court, following revocation and imposition of a prison
    sentence, was well within the limits established by 18 U.S.C.
     3583(h).  Finally, Roderick's suggestion that the district
    court erred in permitting him to represent himself at the
    revocation hearing is entirely without support.  The transcript
    of the hearing belies Roderick's claim that he was under the
    influence of drugs.  The record demonstrates that the district
    court fulfilled its obligation to "address the defendant on the
    record to assure that he 'knows what he is doing and [that] his
    choice is made with his eyes open.'"  United States v. Mateo,
    950 F.2d 44, 50 (1st Cir. 1991) (quoting Faretta v. California,
    422 U.S. 806, 835 (1975)).  Nor did the court err in deferring
    to the Marshals Service's judgment that Roderick should remain
    in restraints during the hearing.  See United States v. Zuber,
    118 F.3d 101, 103 (2d Cir. 1997).
        The district court's order dated October 15, 1997, is
    affirmed.  See Loc. R. 27.1.

